BUITRAGO, PLAINTIFF AND APPELLEE, *v.* MUNICIPAL ASSEMBLY OF GUAYAMA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in Certiorari Proceedings.

No. 2854.—Decided March 6, 1923.

MUNICIPAL ASSEMBLY—CERTIORARI—SUMMONS—JURISDICTION.—In the certiorari proceedings authorized by section 65 of the Municipal Law a municipal assembly has capacity to be sued as such, and when the summons has been served upon its president the assembly is subject to the jurisdiction of the court.

ID.—COUNCIL OF ADMINISTRATION.—The power to order that a certain depart-

ment of the municipal government shall take charge of any administrative service not assigned by law, is vested in the council of administration and not in the municipal assembly.

The facts are stated in the opinion.

*Messrs. Tous Soto & Pérez Marchand* for the appellant.

*Messrs. R. Cintrón Lastra* and *M. A. Martínez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alejandro Buitrago, as Commissioner of Public Service, Police and Prisons of the Municipality of Guayama, filed in the district court a petition for a writ of certiorari against the municipal assembly for the annulment of a certain resolution of the said assembly. The case was heard and after a careful consideration of all of the questions raised, the court rendered judgment in favor of the petitioner. The assembly thereupon took the present appeal.

In the district court the assembly pleaded that the court was without jurisdiction on the ground that is was not ''a legal entity with capacity to sue and to be sued in its corporate form according to law, and that it could not be summoned by service upon its president.'' The demurrer was overruled, and properly so, we think. The remedy invoked is expressly authorized by section 65 of the Municipal Law. Its purpose was the annulment of a resolution of the assembly. The assembly as such was, therefore, the proper respondent and it being an entity composed of several persons acting as a body presided over by one of them, it was duly summoned by service of the summons on its president.

The appellant does not discuss this question in its brief. All of its argument is concentrated in an attempt to show that it had authority to act as it did.

The pertinent part of the resolution attacked reads as follows:

"Therefore, be it resolved by the Municipal Assembly of Guayama, P. R.—Section 1.—The municipal commissioner of charities, besides the powers conferred upon him by section 31 of the Municipal Law, is hereby granted the following additional powers: 1.—He shall have charge of the municipal hospitals; 2, of the municipal pharmacy; 3, of the municipal slaughter-house; 4, of the civil cemetery; 5, of the municipal stables.—Section 2.—All ordinances or resolutions in conflict herewith are hereby repealed."

One of the grounds for attacking the above resolution—in fact the one on which the judgment was based—is as follows: "That the council of administration and not the municipal assembly has power to adopt such a resolution, according to the provisions of the said law."

Section 29 of the Municipal Law determines who shall compose the council of administration and the powers and duties of the commissioner of public service, police and prisons, concluding as follows: "and, further, shall have charge of all services of the municipal administration not assigned by this Act, or by resolution of the council of administration, to any other department of the municipal government."

The appellant invokes the general powers conferred by the law upon the municipal assembly and its special power to consolidate departments in support of the contention that notwithstanding the express terms of section 29 of the Act it has concurrent power with the insular Legislature and the council of administration to assign certain services to any department.

We do not agree. From the express terms of the Act it follows clearly that the intention of the Legislature was, as held by the trial judge, "to confer upon the council of administration, as a power peculiar to it, that of including in any department of the municipal government any service of the municipal administration not assigned by the Act."

The consolidation of departments involves a general reso-

lution by the assembly in accordance with the conditions of each municipality, such as its territorial limits, the number of its inhabitants, the work to be done and the means at its disposal. The executive work is assigned to the members of the council. The Legislature determined the powers and duties of each of these members, entrusting the commissioner of public service, police and prisons with the immediate supervision of everything not especially assigned, but with wisdom and foresight it provided that when in the opinion of the commissioners, acting together as the council of administration, it should be necessary to assign any other service not assigned by the Legislature to any department, they should have power to do so. The matter is one of interior order which seems logically to be vested in the council and not in the assembly.

By virtue of the foregoing we are of the opinion that the judgment appealed from should be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.